This case has been very ably argued, hut I think it a very plain case.
Before we go into the examination of the particular clauses in this will, upon the construction of which the decision must turn, I will notice one or two circumstances which were thought of some importance in the argument.
There is no clause in the beginning of this will, declaring an intention to .dispose of the whole of her estate j nor any residuary clause. It is common in cases of wills, in which there is a clause in the beginning of the will declaring an intention to dispose of the whole o.f the estate, to infer from thence, that as the testator avowedly did not mean to die intestate of any part of the estate, the devises even of a doubtful, nature should he construed favorably to extend the estate, and give a fee simple to the devisee $ because a contrary construction would tend (where there was no residuary clause) to produce an intestacy as to some part of the estate*. *252 against the express declaration of intent by the testator.
^ was arSue(* vory ingeniously by the young counsel,* who advocated the rights of the minors, that the ab-such clauses in the will in question, furnished a strong presumption that the testatrix did not mean to ¿jgpoge 0f ap jier estates in the property devised by her, and therefore in all doubtful dévises it was proper to look with an unfavorable eye to the enlargement of the estate into a fee simple. The use made of such preli. miliary and declaratory clauses in wills, is generally greater than they will bear. It is indeed an auxiliary in very doubtful cases ; but I question if ever a decision was made merely on the ground of such a clause being inserted or omitted. They are make weights in an argument j but one of the scales must have been inclined downward, before any use can be effectually made of it. And this intent to dispose of all the testator’s property and estate, is as inferrable from other circumstances as from an express declaration. In the very case under consideration, there is such a full, minute and particular disposition of all the testatrix’s property down to teakettles, watch trinkets and smelling bottles, that no person can doubt that she intended to dispose of her whole property, and not to leave any part of it to go merely as the law would have given it. And with most persons unlearned in the law, a disposition of real estate without words of inheritance, is considered as absolute a gift of it, as of personal estate.
The testatrix was manifestly inops consilii, at least of legal counsel. And she does not appear to have been at all aware the propriety of the use of words of inheritance as to real estate ; for she disposes of her plantation and negroes to her nephew, Mr. Joseph Smith, without any words of inheritance; yet she manifestly intended him to be the chief object of her bounty. Could it be believed! for a moment that she intended to give Mm merely a life estate, and that upon bis death the estate should devolve to her brother, an elderly man *253 without a family ? And without the prospect of any ? Certainly not. Yet his claim to a fee simple estate rested on a provision exactly similar to the one under our consideration, to wit, that if he should die under twenty-one years of age, the estate devised to him should go to the surviving nephews and nieces ; the plantation to go to her nephew Samuel Wragg, but without any words of inheritance even in this last disposition to him.
It is true the devise to Mr. Joseph Smith is encumbered with a charge of 20,000i. which of itself has been considered as giving the fee simple to the devisee ; and rightly. But this only shews in how many ways a fee is raised by implication, to give effect to the intent of the testator. But it is time to proceed to the consideration of the clauses of the will in question on their own intrinsic merits. They have been stated before, and I think it was plainly the intention of the testatrix to give her niece a fee. She gives an express estate for life to her brother, manifestly intending that to be the whole interest he should have in the property. On the expiration of that estate by his death, she gives her niece an estate, which is either a fee or a life estate. If the former be conceded, the question is at an end. If the latter, then this absurdity follows : she gives to the heir at law an express estate for life; then to her niece an estate for life ; at the expiration of which the same estate is to devolve in fee on her heir at law, who must be dead before the event can occur. The law does not suppose such an absurdity, when a plain and rational construction gives a different result. The giving an express estate for life to her brother, and then an estate to her niece, with limitations over to lien surviving nieces, on certain events which have not happened, raises an estate in fee by implication. If .she had intended a mere life estate to her niece, she would have expressed it: for she did so as to her brother. If she had intended her surviving nieces to take the estate at all events, at the expiration of Mrs. Middleton’s life, she could have done this in the plainest and simplest way. But she has *254 used such words that if Mrs. M. does not take a fee, her surviving nieces on the events which have happened ^ke nothing ; and the heir at law would by such, construction take the fee, when it appears she had given him an express life estate m the same property, thereby manifesting her desire that he should have no more. In short, look at this question in any point of light, and there is a plain, necessary and almost inevitable implication of a fee simple estate given to Mrs. Middleton. It is really unnecessary to follow the ingenious course of reasoning by which the complainant’s counsel demonstrated his point. It is enough to say, I am entirely satisfied that the testatrix intended to give a fee to her niece, Mrs. Middleton, and that intention is sufficiently-manifested by a necessary implication ; and there is no rule of law opposed to it. This question has been often decided. I will not go over the cases at full length. It is enough to refer to a few of the great leading cases.
Devise to A. and if he die under age, to the heirs of the devisor, A has a fee. 3 Comyn’s digest 424 ; 2 Saunder’s, 388. Devise to A. for life, remainder to B. and if B. dies under age to C. and his heirs. B, takes afee. 3 Comyn’s, 425, Moon and others; Wills’ rep. 142, Frogmorton v. Halliday; 3 Burr, 1618; 1 Bla. rep. 535; 3 Burr, 1540; 3 Comyn’s, 430 ; Baddely v. Lippingwell, 3 Burr, 1533. The later reports are entirely in concurrence with the old decisions.
To conclude. I am clearly of opinion that Mrs. Middleton took a fee under the will in question : consequently that she had a right to dispose of the land. Having done so, her alienee is entitled to be confirmed and quieted in his title. It is therefore ordered and decreed that the title from'Ann M -Mleton to the said Morton Waring, his heirs and assigns, be confirmed ; and that the said Morton Waring, his heirs and assigns, be quieted in the possession of the said property under the said, title; that the costs of those defendants who disclaimed be paid by complainant; and that defendants who. have *255 insisted on a title, do pay their own costs, and those of the complainant: reserving rights of minors as. usual,
From this case there was an appeal on the following grounds:
1. Because from the whole tenor of the will, and time when it was made,, the male line throughout are and ought to be preferred, and there is no express exclusion of the heir.
2. Inasmuch as the devise to Ann Manigault is only, in a legal view, a life estate, and cannot by construction he converted into a fee simple*
Thos. S. Gkimse.
March 8, 1811.
These grounds were supported by the following rea* soning.
Grounds of appeal.
1. From the time when testatrix died, viz. 1780, the rights of heirs at law are to be recognised as in England, and the will to he interpreted with a view to them.
2. Testatrix knew of these rights, and could easily ■have negatived them, but there are no introductory words, no residuary clause, not an expression hostile to the primogeniture rights, much less a positive exclusion of them. -
3. Testatrix throughout prefers male to female relatives ; gives no such superior benefit to any nephew o~ ver the l’est, as to this niece over the others $ places A. Manigault on a level with all the nephews and nieces as to a contingent right to a proportion of the proceeds of a plantation devised on condition subsequent tojos. Smith; prefers an entire family of nieces all equally, except the wife of the late Gen. C, Gadsden, and yet gives more to the nephews of the same family, than to A. Middleton’s brothers, if she takes a fee.
4. That a precedent devise even to the heirs is not conclusive.
5. That A. Middleton by the'first part of the clause.» *256 has only a life estate, and the latter part is consistent with such, inasmuch as the limitation over only points out what course, different from the legal one, the estate s^10u^ take, within a short given period -, but does not therefore exclude the heirs, on the termination of the sa^ jjfe estate at a more distant indefinite period.
Grimice, App’lts’ Sol.
The appeal came to a hearing and was fully argued.
The Court, consisting of Chancellors James, Thomp-g0I^ DESATJSStnE)]E an¿ Gaieeard, affirmed the decree of the Circuit Court, being of opinion that Mrs. Middleton took a fee simple estate, by necessary implication.-

 M* v s; Grimbe,